**UNITED STATES of America**

v.

**Ernest REINHARDT, et al. Defendants.**

**No. CR. L–02–0307.**

United States District Court, D. Maryland.

Dec. 13, 2004.

Arcangelo M. Tuminelli, Law Office of Archangelo M. Tuminelli, William S. Little, Stark and Little, Baltimore, MD, Michael D. Montemarano, Michael D. Montemarano PA, Elkridge, MD, Samuel C. Hamilton, Silver Spring, MD, for Defendant.

Christine Manuelian, Office of the United States Attorney, Baltimore, MD, for Plaintiff.

## *MEMORANDUM*

LEGG, Chief Judge.

Now pending is the government's motion to admit under Federal Rule of Evidence 404(b) the facts underlying defendant Byron Allen's 1996 conviction in California state court. (Docket No. 228.) For the reasons stated herein, the Court will, by separate Order, DENY the motion.

## I. *BACKGROUND*

In Count Eight of the Fifth Superseding Indictment, Defendant Byron Allen is charged with making false representations in connection with the lease of a 1997 Land Rover. Specifically, the government contends that Mr. Allen and co-defendant, Roderick Major, obtained cars by making misrepresentations that induced the automobile dealer to enter into the corporate leasing transaction itself.

On February 12, 2004, the government filed the pending motion to introduce 404(b) evidence against both Mr. Allen and Mr. Major. The government contends that evidence regarding fraud committed against a car dealership in 1996 by Mr. Allen and Mr. Major is admissible under Rule 404(b) to show modus operandi, intent, identity, knowledge, and absence of mistake.[1]

There have been several hearings on this issue. At the last hearing, defense counsel and government counsel were in disagreement over whether Mr. Allen and Mr. Major committed the 404(b) fraud to generate funds earmarked for the purchase of a Range Rover.

On December 6, 2004, the Court directed the government to lay out the basic facts and show how their proof would not burden an already complex case with extraneous legal issues. On December 8, 2004, the government submitted a letter proffering the evidence of a police investigator, Lilly Martinez. Ms. Martinez would testify to a telephone interview with Mr. Allen. In the interview, Mr. Allen admitted that he used the proceeds from a certain check to make a payment on the Range Rover.

The basic timeline of the government's proffered evidence is as follows: (i) Mr. Allen purchased a Range Rover and took delivery, (ii) the check he used to pay the deposit bounced, (iii) Mr. Allen was complicit in the theft of checks from a company, Auto Insurance Specialist, (iv) with Mr. Allen's connivance, Mr. Major forged a signature on one of the stolen checks, (v) Mr. Allen deposited the forged check, and

---

1. In 1996, Mr. Allen was originally convicted of uttering a forged check, grand theft, and acquiring the access card of another with the intent to use it fraudulently. This conviction was subsequently reduced to a misdemeanor and then expunged. Mr. Allen was neither found to have been wrongfully convicted nor pardoned. Instead, his record was expunged under a procedure that gives convicted individuals a fresh start by cleaning up their criminal record. Nevertheless, both the government and the defense agree that for Rule 609 purposes the conviction is no longer admissible.

(vi) Mr. Allen used the proceeds from the forged check to make a payment on the Range Rover.

## II. ANALYSIS

■ In order to be admissible under Rule 404(b), evidence must be necessary in the sense that it is probative of an essential claim or element of the offense. *See* *United States v. Queen,* 132 F.3d 991, 997 (4th Cir.1997). Under Rule 403, the evidence, even if admissible, must not be time-consuming or introduce extraneous complex evidentiary issues into the case.

■ The 404(b) evidence is unnecessary to the government's case. This is not a case in which the government must prove that a seemingly ordinary transaction has a sinister cast. The alleged misrepresentations in Count Eight were not subtle; instead, the government alleges that the defendants invented a bogus company that they put forward as the lessee. Additionally, co-defendant Roderick Major reached a plea agreement with the government during trial, and he will offer direct evidence of his and Mr. Allen's joint participation in the alleged crime.

The government's 404(b) evidence is dissimilar to the fraud alleged in Count Eight in an important respect. In Count Eight, the fraud was an integral part of the purchase itself. The fraudulent misrepresentations regarding Future View Graphics induced the automobile dealer to enter into the corporate leasing agreement.

The government's 404(b) evidence, however, does not concern a misrepresentation that induced the Pacific Car Company to enter into the contract of sale with Mr. Allen.[2] The fraud was committed later, apparently when Mr. Allen needed to make a payment on the car. Thus, the government's evidence must be stretched to fit any of the categories permitted under Rule 404(b).

Moreover, the 404(b) evidence promises to interject side issues into the case concerning the condition of the car, whether the dealer had met its promises to make repairs, how much the dealer was owed, and Mr. Allen's other sources of money.

The government would be on solid 404(b) ground if it could point to another instance in which Mr. Allen had fabricated material information on a contract to purchase a car. The government's 404(b) evidence does not qualify under this test, and it will be excluded.

## III. CONCLUSION

For the reasons stated herein, the Court will, by separate order, DENY the government's motion to admit under rule 404(b) the facts underlying Mr. Allen's 1996 conviction in California state court. (Docket No. 228.)

---

**2.** The government does assert that Mr. Allen misrepresented himself as a police officer on the application to purchase the Range Rover from Pacific Car Company. Mr. Allen, however, has provided evidence that he had an official connection with the Compton Police Department, that he had received police training, and that he had the authority to carry a gun and make arrests. The *"police officer"* issue is, therefore, muddled and not the kind of stark misrepresentation that would be appropriate under 404(b).